UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| ZHANG YONGJUN, an individual resident of California; YAN JINGQI, an individual resident of California; ZHENG CAIWEN, an individual resident of California; and WANG XINPING, an individual resident of California, | ) ) ) ) ) ) ) ) ) | CIV. 11-4148-KES |
| Plaintiffs, | ) ) ) | ORDER |
| vs. | ) ) | |
| SDRC, INC., a South Dakota corporation; SD INVESTMENT FUND LLC 6, a South Dakota limited liability company; and JOOP BOLLEN, an individual resident of South Dakota, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Defendants, SDRC, Inc., SD Investment Fund LLC 6, and Joop Bollen, move to dismiss the amended complaint, which added four more individual plaintiffs. Defendants contend that the proper procedure under Fed. R. Civ. P. 21 was not followed. Plaintiffs collectively contend that they followed the procedure set forth in Fed. R. Civ. P. 15(a), which authorizes the filing of an amended complaint once as a matter of course within 21 days after it is served.

The record reflects that the amended complaint was filed on November 7, 2011. The original complaint was personally served on each defendant on October 26, 2011. Thus, the amended complaint was filed ten days after service of the original complaint. And defendants have not filed a responsive pleading.

The Eighth Circuit Court of Appeals has approved the addition of parties by way of amendment under Rule 15. *See, e.g., Plubell v. Merck & Co.*, 434 F.3d 1070, 1072 (8th Cir. 2006) (discussing an amendment that added an additional plaintiff under Rule 15(c)). District courts within the Eighth Circuit have adhered to the majority view that Rule 15(a) controls amendments adding parties before a defendant has filed a responsive pleading. *See, e.g., Speaks Family Legacy Chapels, Inc. v. Nat'l Heritage Enters.*, 2009 WL 1035289, at *2-3 & n.1 (W.D. Mo. Apr. 16, 2009) (Eighth Circuit does not require leave of court to amend complaint to add parties if no responsive pleading has been filed); *Lohrman v. Sunset Fin. Serv., Inc.*, 2009 WL 250019, at *1-2 (D. Neb. Feb. 2, 2009) (same).

Secondary commentators have held similarly: "The majority opinion now appears to be that a party's right to amend as a matter of course, if accomplished within the deadlines set by Rule 15(a), extends to all amendments–including amendments to drop or add parties. 4 Moore's Federal Practice-Civil § 21.02[5][b].

The court finds this persuasive and adopts the majority view. Because plaintiffs met all the deadlines set by Rule 15(a), plaintiffs had the right to amend as a matter of course without leave of court. As a result, it is

ORDERED that defendants' motion to dismiss the amended complaint (Docket 22) is denied.

Dated December 21, 2011.

                    BY THE COURT:

                    /s/ *Karen E. Schreier*
                    KAREN E. SCHREIER
                    CHIEF JUDGE